One hundred shares of stock in A. Bruder & Son, Inc., were outstanding at the time of this contested corporate election. The court is in agreement that Bessie Bruder was a stockholder of record entitled to vote in person or by proxy her fifty shares of stock. The forty-five shares voted in opposition by Juliet Bruder were not sufficient to prevail. From this it follows that the corporate election resulted in the choice of Bessie Bruder’s candidates for directors. The remaining five shares were owned by Marjorie Bruder Minchenberg, the daughter of Juliet Bruder; this was admitted by Juliet Bruder in her answer in a derivative stockholder’s suit, and Marjorie Bruder Minchenberg received dividends with respect to those five shares. Yet she did not vote for directors at the stockholders’ meeting in person or by proxy. The vote was thus fifty against forty-five in favor of Bessie Bruder’s candidates for directors, and the election was properly confirmed. Order affirmed, with $20 costs and printing disbursements. Ho opinion. Present — Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ.; Peck, P. J., dissents in part as follows: I agree that under the unusual circumstances existing here Bessie Bruder has established herself as a stockholder of record of this corporation, but also believe that under the unusual circumstances, including the confusion and misunderstanding as to who was entitled to vote, the holding of competing elections and the failure of five crucial shares to vote, a new election should be held at which an opportunity to vote will be given to all of the stock entitled to vote.